UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES D. VINSON, *Pro Se*, | ) | Case No.: 1:08 CV 1037 |
| Petitioner | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| RICK GANSHEIMER, WARDEN, | ) | |
| Respondent | ) | <u>ORDER</u> |

Now pending before the court are: (1) *Pro Se* Petitioner James D. Vinson's ("Petitioner" or "Vinson") Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person In State Custody (ECF No. 1), which challenges the constitutionality of his state court conviction on three counts of felonious assault, each with a peace officer specification;[1] (2) Vinson's *Pro Se* Motion to Proceed with Evidentiary Hearing and/or Grant Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 7); and (3) Vinson's *Pro Se* Motion for Bail Pending the Final Determination of Petitioner's Habeas Corpus Proceeding under 28 U.S.C. § 2254 (ECF No. 9). For the following reasons, the court denies Vinson's Motions.

## **I. PETITIONER'S GROUNDS FOR RELIEF**

Vinson's grounds for habeas relief and the facts in support of each ground are set forth

---

[1] A jury found Vinson not guilty of one count of resisting arrest. (Respondent's Return of Writ, ECF No. 6, Ex. 3.)

below:

> (1) **Ground One**: Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
>
> Supporting Facts: On March 7, 2003, Cleveland Police Officers Daniel Jopek, Todd Marazzi, and James Zak unlawfully trespassed onto [P]etitioner's property, maliciously killing [P]etitioner's pet dog, and assaulted [P]etitioner without any justifiable, sufficient probable cause.
>
> (2) **Ground Two**: Conviction obtained by violation of due process of law and equal protection under the law.
>
> Supporting Facts: On March 10, 2003, [P]etitioner was arrested and charged with misdemeanor assault, and subsequently binded over to Cuyahoga County Common Pleas Court. After being released on bail for said assault offense, [P]etitioner appeared before the court pursuant to an April 23, 2003 hearing, and was once again binded over and indicted for different offenses of felonious assault and resisting arrest without being discharged and/or adjudicated of the former misdemeanor offense of assault.
>
> (3) **Ground Three**: Conviction obtained by the unconstitutional failure of prosecution to disclose to the defendant favorable evidence.
>
> Supporting Facts: The prosecution withheld a second 911 dispatch tape that was made by state's witness Darryl Wharry. The prosecution withheld Officer Jopek's whereabouts, which precluded confrontation of witness, and prosecutor procured a false indictment against [P]etitioner. Also, prosecutor permitted perjured testimony of state's witness Officer James Zak.
>
> (4) **Ground Four:** Denied the effective assistance of counsel.
>
> Supporting Facts: Trial counsel failed to file a motion to suppress the unlawful arrest and illegal search and seizure of petitioner, while direct appellate counsel failed to raise ineffective assistance of trial counsel, and subsequent appellate counsel failed to raise ineffective assistance of appellate counsel.

(Pet. at 6-11.)

## **II. THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This case was referred to Magistrate Judge Greg White ("Magistrate Judge") for the

preparation of a Report and Recommendation ("R&R"). The Magistrate Judge issued his R&R on May 8, 2009. (ECF No. 13) First, the Magistrate Judge recommended that the court deny Vinson's Petition because his claims were procedurally defaulted, Vinson failed to show cause for this default, and Vinson failed to raise a colorable actual innocence claim to excuse his procedural default. (R&R at 8-11.) Next, based on his finding that the procedural issues presented could be resolved from the record and was consequently unnecessary, the Magistrate Judge recommended that the court deny Vinson's Motion for an Evidentiary Hearing. (*Id.* at 11-12.) Finally, the Magistrate Judge recommended that the court deny Vinson's Application for Bail. (*Id.* at 12.)

### III. PETITIONER'S OBJECTIONS

Vinson filed his Objection to the R&R on May 22, 2009. (ECF No. 15.) Vinson's Objections reiterate the same arguments on the merits that Vinson advanced in his Petition. However, Vinson does not address the Magistrate Judge's conclusion that Vinson's claims were procedurally defaulted, that Vinson failed to show cause for his procedural default, and that Vinson failed to raise a colorable actual innocence claim to excuse his procedural default.

### IV. THIS COURT'S FINDINGS

As noted above, Petitioner's Objections merely reiterate the same arguments that he previously made in his Petition. However, the court finds that the Magistrate Judge carefully analyzed why Petitioner's claims were procedurally defaulted, and that Vinson failed to show cause and/or prejudice for his procedural default and also failed to raise a colorable actual innocence claim to excuse his procedural default. Upon careful *de novo* review of the Magistrate Judge's R&R and all other relevant documents in the record, this court finds that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, for the reasons stated by the

Magistrate Judge, the court adopts as its own the Magistrate Judge's R&R.

## V. CONCLUSION

The court hereby denies: (1) Vinson's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1); (2) Vinson's Motion to Proceed with Evidentiary Hearing and/or Grant Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 7); and (3) Vinson's Motion for Bail Pending the Final Determination of Petitioner's Habeas Corpus Proceeding under 28 U.S.C. § 2254 (ECF No. 9.)  The court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

May 28, 2009